■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESS GREEN, Appellant.—Appeals by the defendant from two judgments of the County Court, Westchester County (Best, J.), both rendered April 8, 1980, convicting him of robbery in the first degree (three counts) and criminal possession of a weapon in the fourth degree under indictment No. 714/79 and robbery in the first degree (four counts) under indictment No. 677/79, upon his pleas of guilty, and imposing sentences. These appeals bring up for review the denial, after a hearing (White, J.), of so much of the defendant's omnibus motions as sought to suppress certain statements.

Judgments affirmed.

The defendant was arrested at approximately 10:15 P.M. on July 18, 1979, at the Green family home in Mount Vernon, New York, during the execution of a search warrant. We need not consider the defendant's arguments with respect to the validity of the search warrant since no physical evidence was seized during the search.

The defendant's further claim that there was no probable cause to arrest him is without merit. Probable cause existed based upon the statements of an accomplice which implicated defendant in the crimes with which he was later charged (see, *People v Berzups*, 49 NY2d 417, 427; *People v Williams*, 115 AD2d 627; *People v White*, 109 AD2d 859, 860; *People v Thomas*, 103 AD2d 854, 855). Hence, we reject the defendant's claim that his statements should have been suppressed as the fruit of an unlawful arrest.

We have considered the defendant's other contentions, insofar as they were preserved for our review, and find them to be without merit. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.