■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 15, 1982, convicting him of robbery in the first degree (14 counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On May 28, 1982, the defendant and four accomplices committed an armed robbery at the Patio Gardens parking garage in Brooklyn. While the defendant acted as a lookout, the codefendants drew guns, forced the seven complainants to lie down and strip, and robbed them of money and jewelry. The gunmen beat the parking attendant with a blackjack and thereafter fled the scene in a black Cadillac automobile stolen from the garage. During a police stakeout of the Cadillac the next morning, the defendant and his codefendants were observed entering the vehicle; upon the approach of police, the men fled in different directions. The defendant and two of his cohorts were apprehended shortly thereafter. The two remaining codefendants later surrendered to police after having fled the jurisdiction.

A search of the defendant's person upon the properly effectuated arrest resulted in the recovery, *inter alia,* of $1,457.05 in unwrapped currency and coins and various pieces of jewelry. After being advised of his rights and indicating both that he understood them and that he desired to speak with the police, the defendant recounted the events of the prior night and admitted his part in the robbery.

In a more detailed videotaped statement made to an Assistant District Attorney, the defendant admitted that he and his cohorts had decided to "go * * * to work" by committing a robbery; that guns were distributed to each of the participants immediately prior thereto; that they proceeded in codefendant Robert Martin's car to the Patio Gardens garage, where the defendant parked the car on the street, while the men entered, the codefendant Robert Williams having directed the defendant to act as the lookout; that from his vantage point in

front of the garage, the defendant observed that the gunmen had forced the people in the garage to strip, hand over their money and jewelry, and turn over a Cadillac which had been parked in the garage; and that, the next morning, they distributed the proceeds of the robbery.

The codefendants made statements "substantially identical" *(People v Cruz,* 66 NY2d 61, 69, *revd* 481 US —, 107 S Ct 1714) to those of the defendant and the Trial Justice, in reliance upon the law prevailing at the time, denied the defendant's motion for severance based on the *Bruton* rule *(see, Bruton v United States,* 391 US 123). The statements of all defendants were introduced into evidence at their joint trial.

While the Confrontation Clause of the US Constitution bars the admission, at a joint trial, of a nontestifying codefendant's confession which serves to incriminate the defendant even if the jury is given a limiting instruction and even if the defendant's own confession is admitted against him, the defendant's own confession may be considered on appeal in assessing whether any violation of the Confrontation Clause was harmless *(see, Cruz v New York,* 481 US —, 107 S Ct 1714, *supra).* Where a Confrontation Clause violation is involved, the error under review will be deemed harmless only where it can be said that it was harmless beyond a reasonable doubt *(Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407). To satisfy that criterion, there must be overwhelming proof of guilt and no reasonable possibility that the jury would have acquitted the defendant but for the error *(People v Crimmins,* 36 NY2d 230).

In the instant case, we conclude that any error occasioned by the violation of the *Bruton* rule and the court's denial of the defendant's severance motion does not require reversal. The detailed confessions made by the defendant to law enforcement officials which were, in all respects, voluntary, and which were neither repudiated as untrue nor attacked as coerced *(see, Cruz v New York, supra,* 481 US, at —, 107 S Ct, at 1718), along with the in-court identification of the defendant by one of the complainants which, although made pursuant to CPL 60.25, nevertheless "constitutes 'evidence in chief' (CPL 60.25, subd 2) and 'substantive evidence of identification' (Richardson, Evidence [Prince, 10th ed], § 521, p 514; see, also, CPL 1.20, subd 40; *United States v Lewis,* 565 F2d 1248, 1252, cert den 435 US 973)" *(People v Dure,* 102 AD2d 873), the defendant's joint possession of the car stolen from the Patio Gardens garage, his flight from the stolen car upon the approach of police officers, and his possession, upon arrest, of

large quantities of money and jewelry, provided overwhelming evidence of his guilt. Furthermore, there is no reasonable possibility that the jury would have acquitted the defendant but for the admission of his codefendants' statements into evidence. Notably, the defendant's confession was among the more detailed ones given. Thus, we find the error to have been harmless beyond a reasonable doubt *(see, People v Baptiste,* 135 AD2d 546; *People v McCain,* 134 AD2d 287; *cf., People v Cruz,* 70 NY2d 733).

The remaining arguments advanced by the defendant have been examined and have been found to be lacking in merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.