The defendant's contention that the trial court's pretrial *Sandoval* ruling constituted an abuse of discretion is without merit *(see, People v Frumerin,* 121 AD2d 736, *lv denied* 68 NY2d 812). Mollen, P. J., Bracken, Rubin and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONIS WEST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered July 2, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and two codefendants, Tracy Brown and Mark Bradford, were jointly tried in connection with the robbery and murder of Herman Jean on January 31, 1984. Prior to trial, the defendant moved for a severance on the ground that the introduction into evidence of two statements made by Brown to law enforcement officials at the time of his arrest, which statements inculpated the defendant, would constitute a violation of the Confrontation Clause. The court denied the severance motion on the ground that the statements could be effectively redacted and sufficiently interlocked with the statements made by the defendant at the time of his arrest so that the defendant would not be unduly prejudiced by their introduction into evidence with a limiting instruction.

At the trial, redacted versions of Brown's statements, one of which was videotaped, were introduced into evidence. In his written statement, Brown indicated that he, the defendant and two others met and someone suggested they "get a guy". They approached Jean and surrounded him. While Brown was standing to the side, someone asked Jean for his rings and a shot rang out. Brown's videotaped statement similarly detailed the events of the night in question, except that Brown denied any prior knowledge of or participation in the robbery and said that he was standing 2 to 3 feet away when it occurred. Also introduced into evidence were the redacted statements of the defendant. At one point in the proceedings, counsel acknowledged that the defendant's statement might interlock with the codefendant Brown's and thus be admissible with a limiting instruction. In the first of his statements,

which was reduced to writing by Detective Colucci, the defendant admitted participating in the robbery. The following redacted statement of the defendant to Detective Colucci was read to the jurors: "I met Shalah, _____ and Joe in the game room on Troy. We were talking & smoking a reefer. I said that I was going to go to the corner. They came with me. When we were on E'Pkway we saw the man changing his tire. One of the guys said, 'lets take him'. We got around him, me and _____ went behind him and Joe and _____ got in front. One of them said 'be cool'. One of them _____ grabbed him and fired a shot. I ran to Lincoln Place".

In the course of his subsequent statement which was videotaped, the defendant denied all involvement in the crime and claimed to have been standing 3 to 4 feet away when the incident occurred.

In his original brief on appeal, the defendant did not raise the issue of whether the court erred in denying the motion for a severance. However, while the appeal was pending, the United States Supreme Court decided *Cruz v New York* (481 US —, 107 S Ct 1714). In *People v Cruz* (66 NY2d 61, 69), the Court of Appeals had determined that the defendant had not been denied his right to confrontation by the admission of his codefendant's confession at their joint trial with appropriate limiting instructions, relying on the "recognized exception" to the *Bruton* rule which "holds that if the statements of the defendant and codefendant are substantially identical, or 'interlock', there is no violation of defendant's right to confrontation". The Supreme Court reversed the Court of Appeals decision in *Cruz* holding that where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant since it does not bear sufficient indicia of reliability, the Confrontation Clause bars its admission at their joint trial, even if limiting instructions are given to the jury and even if the defendant's own confession is admitted against him. Thus, the trial court's determination in the instant case was erroneous under *Cruz v New York (supra)*. However, this error does not, under the circumstances, require reversal of the judgment of conviction.

Where a Confrontation Clause violation is involved, the error under review will be deemed harmless only where it can be said that it was harmless beyond a reasonable doubt *(Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407). To satisfy that criterion, there must be overwhelming proof of guilt and no reasonable possibility that the

jury would have acquitted the defendant but for the error *(People v Crimmins,* 36 NY2d 230).

The evidence adduced at trial, which included the testimony of three eyewitnesses to the robbery, the dying declarations of the victim who described two of the perpetrators, and the defendant's unequivocal confession to Detective Colucci, provided the requisite proof of the defendant's participation in the robbery and the murder of Herman Jean. The eyewitnesses testified to having observed four individuals approach the victim who was, at the time, working on his car, surround him, search his pockets, strike him and flee after what sounded like an explosion. Clearly, their consistent and disinterested testimony supported the defendant's initial account of the shooting as related to Detective Colucci and cast doubt upon the veracity of the defendant's subsequent videotaped statement in which he claimed that he had merely been an innocent bystander. Moreover, there was no reasonable possibility that the jury would have acquitted the defendant but for the admission of Brown's statements into evidence. Under the circumstances, any error occasioned by the court's denial of the defendant's severance motion and the admission of the nontestifying codefendant's statements at the joint trial was clearly harmless beyond a reasonable doubt *(cf., People v Cruz,* 70 NY2d 733).

We note further that while the prosecutor's summation did contain some improper and potentially prejudicial remarks, the trial court's prompt curative instructions served to correct these improprieties *(see, People v Berg,* 59 NY2d 294; *People v Cuesta,* 119 AD2d 688; *cf., People v Ashwal,* 39 NY2d 105), so that any resultant prejudice was insufficient to have resulted in the denial of a fair trial *(see, People v Galloway,* 54 NY2d 396).

The sentence imposed was not unduly harsh and excessive and there are no circumstances present which would warrant disturbing the sentencing court's exercise of discretion *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Kunzeman, Weinstein and Rubin, JJ., concur.

Lawrence, J. P., dissents and votes to reverse the judgment, appealed from, on the law, and order a new trial, with the following memorandum, in which Kooper, J., concurs. I find that the introduction into evidence, over the defendant's objection, of the codefendant Brown's statements, which impli-

cated the defendant, cannot be deemed harmless error under the principles enunciated in *Cruz v New York* (481 US —, 107 S Ct 1714, *on remand* 70 NY2d 733).

We specifically note that there is no indication in the record that either of the two descriptions given by the victim matched the defendant. Further, the three eyewitnesses whose testimony is alluded to by the majority did *not* identify the defendant as one of the perpetrators. Thus, the only evidence admissible against the defendant which directly linked him to the crime was his purported written confession taken by Detective Albert Colucci.

However, the validity of that confession, written out by Colucci, was clearly questionable, since it depended upon the jury's acceptance of the testimony of Colucci. The detective claimed that he had read the confession to the defendant, but admitted on cross-examination that the defendant himself had not read the statement before he signed it. In contrast, in the defendant's subsequent videotaped statement taken by an Assistant District Attorney later that same evening, he denied any involvement in the crimes, stating that he was merely a bystander to the robbery and murder. On the other hand, both statements by codefendant Brown, one of which was video-taped, implicated the defendant.

In light of the violation of the Confrontation Clause herein, the test is whether there is a reasonable possibility that the erroneous admission of the codefendant Brown's statements might have contributed to the conviction *(see, People v Crimmins,* 36 NY2d 230, 237, 241; *People v Latif,* 135 AD2d 736). In my view, the admission into evidence of the codefendant's statements did significantly harm the defendant's case. As clearly set forth in *Cruz v New York* (481 US —, —, 107 S Ct 1714, 1718, *supra):* "A codefendant's confession will be relatively harmless if the incriminating story it tells is different from that which the defendant himself is alleged to have told, but enormously damaging if it confirms, in all essential respects, the defendant's alleged confession. It might be otherwise if the defendant were *standing by* his confession, in which case it could be said that the codefendant's confession does no more than support the defendant's very own case. But in the real world of criminal litigation, the defendant is seeking to *avoid* his confession—on the ground that it was not accurately reported, or that it was not really true * * * In such circumstances a codefendant's confession that corroborates the defendant's confession significantly harms the defendant's case, whereas one that is positively incompatible gives

credence to the defendant's assertion that his own alleged confession was nonexistent or false".

Accordingly, a new trial is warranted *(see, People v Cruz,* 70 NY2d 733, *supra; People v Latif, supra).*