■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GLOVER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 19, 1985, convicting him of robbery in the first degree (three counts), robbery in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements made to a police officer and identification testimony.

Ordered that the judgment is affirmed.

Prior to interrogating the defendant the police acquired knowledge that he had been recently arrested on a petit larceny charge. Therefore, the police were chargeable with knowledge of whatever information in respect to the defendant's representation by counsel which a reasonable inquiry would have disclosed (see, People v Bartolomeo, 53 NY2d 225, 232). Nevertheless, inasmuch as the defendant failed to adduce proof that he had in fact actually been represented by counsel on the petit larceny charge at the time he was questioned on the instant matter, there exists no predicate on which to base a finding that the defendant was denied his right to counsel (see, People v Rosa, 65 NY2d 380, 387; People v Ryans, 118 AD2d 741). Accordingly, the court properly denied the defendant's motion to suppress his inculpatory statements.

The defendant's further contention that the lineup identification was impermissibly suggestive is similarly without merit (see, Simmons v United States, 390 US 377; Stovall v Denno,

388 US 293). Moreover, the record supports the hearing court's determination that an independent source existed with respect to witness Beatrice Aiken's identification of the defendant *(see, People v Smalls,* 112 AD2d 173).

Finally, we note that at the joint trial of the defendant and his codefendant on the instant indictment, the confessions of three codefendants which implicated the defendant, as well as the defendant's own confession, were admitted into evidence. Only the codefendant Andre Galloway, however, testified and was therefore subject to cross-examination. In light of the foregoing, the admission of the nontestifying codefendants' confessions represented error in violation of the Confrontation Clause, as recently enunciated by the Supreme Court in *Cruz v New York* (481 US —, 107 S Ct 1714). Nevertheless, we conclude that any error was rendered harmless in light of the identification testimony of eyewitness Valine Winfrey and the comprehensive and detailed nature of the defendant's confession *(see, Harrington v California,* 395 US 250; *People v McCain,* 134 AD2d 287; *cf., People v Cruz,* 70 NY2d 733).

Finally, the sentence imposed was neither harsh nor excessive under the circumstances. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.