■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered January 14, 1983, convicting him of robbery in the first degree (14 counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; no questions of fact have been raised or considered.

The charges against the defendant and his four codefen-dants arose from an armed robbery at the Patio Gardens parking garage in Brooklyn, during which the defendant and several of his cohorts robbed the seven complainants of money and jewelry, beat the parking attendant with a blackjack and thereafter fled the scene in a black Cadillac automobile stolen from the garage. During a police stakeout of the Cadillac the next morning, the defendant and his codefendants were ob-served entering the vehicle; as the police approached, the men fled in different directions. After a protracted chase, during which one of the pursuing officers fired two shots at the defendant, apparently in response to the defendant's gunfire, the defendant was arrested in a small grocery store. Only "a couple of steps" from where the defendant was apprehended, the police discovered a brown cloth bag containing 34 pieces of jewelry, including a distinctive gold necklace bearing the nickname "Boss Dog" spelled out in diamonds, which had been taken from one of the complainants at the garage.

The codefendants made statements "substantially identical" *(People v Cruz,* 66 NY2d 61, 69, *revd* 481 US 186, 107 S Ct 1714, *on remand* 70 NY2d 733) to that of the defendant, and the trial court, in reliance upon the law prevailing at the time, denied the defendant's motion for a severance which was based on the *Bruton* rule *(see, Parker v Randolph,* 442 US 62; *Bruton v United States,* 391 US 123). Accordingly, the state-ments of the codefendants, which implicated the defendant,

were introduced into evidence at their joint trial, at which none of the defendants took the stand. The defendant's oral statement, in which he admitted culpability in the robbery, was testified to by Detective Weidenbaum, to whom the statement was made.

At the trial, the defense counsel urged upon the jury the theory that his client's statement was fabricated by the police in an effort to cover up the pursuing officer's allegedly unprovoked shooting at the defendant, arguing that they had an opportunity to create the statement from those of his codefendants, as well as the complaints of the victims. Crucial to this argument was the fact that the defendant did not adopt or authenticate the statement, i.e., it was not signed, nor did he make an audiotaped or videotaped statement, as did several of his codefendants.

Following the convictions in this case, the United States Supreme Court, on April 21, 1987, in *Cruz v New York* (481 US 186, 107 S Ct 1714, *supra*), declined to follow the plurality decision in *Parker v Randolph (supra)*. Based on this change in the law, the People now concede that the defendant's rights under the Confrontation Clause of the United States Constitution were violated by the admission into evidence of his nontestifying codefendants' confessions at their joint trial even though the jury was instructed not to consider the statements against the defendant and the defendant's own statement was admitted against him *(see, Cruz v New York, supra)*. However, the People urge that this error was harmless beyond a reasonable doubt *(see, e.g., Harrington v California,* 395 US 250; *People v Williams,* 136 AD2d 581 [codefendant]; *People v Baptiste,* 135 AD2d 546). We disagree.

As the Supreme Court observed in *Cruz v New York* (481 US 186, —, 107 S Ct 1714, 1718, *supra)*: "A codefendant's confession will be relatively harmless if the incriminating story it tells is different from that which the defendant himself is alleged to have told, but enormously damaging if it confirms, in all essential respects, the defendant's alleged confession. It might be otherwise if the defendant were *standing by* his confession, in which case it could be said that the codefendant's confession does no more than support the defendant's very own case. But in the real world of criminal litigation, the defendant is seeking to *avoid* his confession—on the ground that it was not accurately reported, or that it was not really true * * * In such circumstances a codefendant's confession that corroborates the defendant's confession significantly harms the defendant's case, whereas one that is positively incompatible gives

credence to the defendant's assertion that his own alleged confession was nonexistent or false" (emphasis in original).

In this case, the admission into evidence of the four codefendants' statements implicated the very concerns addressed by the Supreme Court in *Cruz* because they were "devastating" to the defendant's attempt to renounce his statement. Furthermore, unlike the codefendant Williams *(see, People v Williams, supra),* there was no in-court identification of this defendant by any of the victims of the robbery. Accordingly, we are compelled to conclude that the error cannot be viewed as harmless *(see, People v Crimmins,* 36 NY2d 230, 237, 241; *People v Latif,* 135 AD2d 736).

In light of our determination, we do not address the defendant's remaining contention. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.