■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHON WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 12, 1985, convicting him of attempted murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant and codefendant, Fermin Flores, were tried together for shooting Police Officer Presley Mazone on April 10, 1984, at about 10:30 P.M., while he was waiting for a train on the Van Sicklen Avenue IRT subway platform in Brooklyn, on his way to work.

The defendant and Flores, neither of whom testified at trial, made oral and videotaped statements to law enforcement officials which substantially interlocked. Under the principles enunciated in *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733), there must be a new trial. We reject the People's contention that the *Cruz* error was harmless.

We note that while the defendant admitted in both of his statements that he fired the gun during the course of a robbery, his statements were much more limited in scope and detail than those of his codefendant, Flores, as to certain key elements of the crime of attempted murder in the first degree. The defendant stated that "the shots just went" off during his struggle with the victim, whom the defendant referred to only as "the man". Flores' confessions, on the other hand, refer to the victim as "the cop" and expressly stated that the defendant intended to kill the officer. Furthermore, Flores' video-taped statement repeatedly indicated that the defendant was more culpable: "I gave up the full information that was needed in order to catch the real person"; "I did give you the man that you really—that you really wanted." Accordingly, we cannot conclude that there is no reasonable possibility that the codefendant's statements contributed to the conviction of this defendant (see, *Harrington v California*, 395 US 250; *People v Smalls*, 55 NY2d 407; *People v Scalerico*, 140 AD2d 386).

The defendant further contends that his statements and the weapon used in the crime should have been suppressed, claiming that they were products of an illegal arrest. After "consideration of the temporal proximity of the arrest and the confession, the presence of intervening circumstances and, particularly, the purpose and flagrancy of the official misconduct" *(People v Conyers*, 68 NY2d 982, 983), we agree with the hearing court's determination denying suppression. The taint of the police illegality in entering the defendant's home to arrest him was fully attenuated by the time the defendant made his initial confession and informed the police where to recover the gun. This occurred approximately two hours after he was removed from his home and after his companion made a statement to the police implicating him in the crime *(see, People v Mas*, 110 AD2d 915) and he had been given *Miranda* warnings. Similarly, any taint caused by the illegal arrest was fully dissipated before the defendant made statements on videotape some six hours after the illegal arrest, and the defendant was again informed of his *Miranda* rights. We also note that there was probable cause to arrest the defendant and the actual circumstances and police conduct giving rise to the defendant's statements were the same here as they would have been had the defendant been arrested outside his apartment rather than inside *(see, People v Graham*, 90 AD2d 198, *cert denied* 464 US 896).

In light of our determination, we need not address the

defendant's remaining contention. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.