■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE GARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 15, 1984, convicting him of robbery in the first degree (14 counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 28, 1982, the defendant and four accomplices committed an armed robbery at the Patio Gardens parking garage in Brooklyn. The five drew guns, forced the seven complainants to lie down and strip, and robbed them of money and jewelry. The defendant beat the parking attendant with a blackjack to force him to turn over the keys to a black Cadillac automobile in which the gunmen fled the scene. During a police stakeout of the Cadillac the next morning, the defendant and his codefendants were observed approaching and entering the vehicle. Upon the approach of the police, the men fled in different directions. Three of the accomplices were

apprehended shortly thereafter; the defendant and another of his cohorts eluded capture at the stakeout scene and fled the jurisdiction, but later surrendered to police.

Upon his voluntary surrender to law enforcement officials, the defendant made a detailed confession in which he admitted that he and his cohorts had decided to "mak[e] money" and, toward that end, agreed to "get a car"; that they were armed, the defendant with a pearl-handled revolver, and proceeded in the codefendant James Martin's car to the Patio Gardens garage, where they forced its occupants to strip and hand over their money and jewelry; that the defendant determined to show one of the men in the garage, who apparently had attempted to hide a gun, that he "wasn't playing" and hit him with the gun in the head; that when the parking attendant failed to "give up the keys" to the black Cadillac parked in the garage, in which they ultimately fled, the defendant hit him with a blackjack; and that the five thereafter divided the proceeds of the robbery, agreeing to meet at the stolen Cadillac that morning and then to sell the jewelry, at which time their plans were thwarted by the police and the defendant fled the jurisdiction. The defendant's oral confession was transcribed by a police sergeant, who read it back to the defendant, after which the defendant himself reviewed the statement, and his request that certain portions be deleted was granted. The defendant then signed each page of his five-page statement.

The codefendants made statements "substantially identical" (People v Cruz, 66 NY2d 61, 69, revd sub nom. Cruz v New York, 481 US 186, on remand 70 NY2d 733) to those of the defendant. The Trial Justice, in reliance upon the law prevailing at the time, denied the defendant's motion for severance based on the Bruton rule (see, Parker v Randolph, 442 US 62; Bruton v United States, 391 US 123). Accordingly, the statements of the codefendants, which implicated the defendant, were introduced into evidence at their joint trial, at which none of the defendants took the stand.

The admission of these codefendants' statements into evidence at the defendant's trial unquestionably constituted a violation of the defendant's right to confront and cross-examine the witnesses against him (see, Cruz v New York, supra). We nevertheless conclude that the Confrontation Clause violation at bar does not require reversal. The "detailed, complete and internally consistent" confession (People v Hamlin, 71 NY2d 750, 759) made by the defendant to law enforcement officials was, in all respects, voluntary and adopted by the

defendant, as evidenced by his signing of each page of the statement, in which he described his participation in the robbery as well as his assault upon the garage attendant, an incident not mentioned by any of his codefendants in their confessions. Thus, the defendant's confession, along with the photographic, lineup and in-court identifications of the defendant as the blackjack-wielding robber by one of the complainants and the defendant's presence at and flight from the stolen Cadillac the morning after the robbery provided overwhelming evidence of his guilt. Furthermore, there is no reasonable probability that the jury would have acquitted the defendant but for the error. Thus, we find the error to have been harmless beyond a reasonable doubt (see, People v Hamlin, supra; People v Martin, 139 AD2d 599, lv denied 72 NY2d 862 [codefendant]; People v West, 137 AD2d 855, affd 72 NY2d 941). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.