■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT BYNOE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 28, 1986, convicting him of murder in the second degree, attempted robbery in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and two codefendants, Oswald Williams and Sheldon Duke, were jointly tried for two robberies and a separate attempted robbery and murder. All three defendants had given the police statements incriminating not only themselves but also the others, and had made videotaped confessions. While only the defendant Bynoe testified at the trial, the unredacted videotaped confessions of his two codefendants were introduced into evidence by the prosecution.

The defendant argues that the introduction at trial of the confessions of his nontestifying codefendants constituted a violation of the Confrontation Clause (US Const 6th Amend; see, Bruton v United States, 391 US 123; see also, Cruz v New York, 481 US 186), and that such an error requires reversal by this court. Any error of law with respect to this issue has not been preserved for appellate review. In any event, a review of the evidence adduced at trial indicates that there was overwhelming proof, including eyewitness testimony, of the defen-

dant's complicity in the crimes charged *(see, e.g., People v Williams,* 136 AD2d 581; *People v McCain,* 134 AD2d 287, *lv denied* 71 NY2d 899). Thus, we conclude that there was no reasonable possibility that the jury would have acquitted this defendant but for the error, and that it was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review (CPL 470.05 [2]) or they are meritless. Nor do we need to reach the unpreserved contentions in the interests of justice.

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.