■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSLYN ALEXANDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered March 22, 1985, as amended by a judgment of the same court, rendered April 29, 1985, convicting her of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the admission into evidence of her nontestifying codefendant's confession violated her rights under the Confrontation Clause *(Bruton v United States,* 391 US 123). While the Confrontation Clause bars the admission, at a joint trial, of a nontestifying codefendant's confession which serves to incriminate the defendant, even where the jury is given a limiting instruction and where the defendant's own confession is admitted into evidence against her, the defendant's confession may be considered on appeal in assessing whether the violation was harmless *(see, Cruz v New York,* 481 US 186). Where a Confrontation Clause violation is in-

volved, the error under review will be deemed harmless only where it can be said that it was harmless beyond a reasonable doubt (see, Harrington v California, 395 US 250; People v Smalls, 55 NY2d 407).

In the instant case, in light of the strong identification testimony of eyewitness David Adamson and the comprehensive and detailed nature of the defendant's own confession (see, People v Glover, 139 AD2d 530, 531; People v Williams, 136 AD2d 581, 583; People v Baptiste, 135 AD2d 546, 548), we conclude that there is no reasonable possibility that the jury would have acquitted her but for the error (see, People v Hamlin, 71 NY2d 750, 758; People v Crimmins, 36 NY2d 230).

In addition, we find that the sentence imposed was not excessive under the circumstances (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.