■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FLORES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered April 22, 1982, convicting him of murder in the second degree, attempted robbery in the first degree (four counts), criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lakritz, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court found, *inter alia,* that the police had the right to approach the defendant for questioning based upon information they had received from a known informant and that the defendant was not in custody at the time. It also found that the defendant had voluntarily accompanied the police to the precinct and that he was not placed under arrest until he had voluntarily waived his *Miranda* rights and made a confession. Whether a defendant is in custody is not determined by the individual defendant's subjective beliefs, but by what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Further, in reviewing the determination of the hearing court that no custodial interrogation took place before the warnings and that the proffered statements were voluntarily made, the hearing court's determination must be afforded great deference because it had the opportunity to see and hear the witnesses *(People v Yukl, supra; People v Hayes,* 127 AD2d 607; *People v Armstead,* 98 AD2d 726).

The testimony was clear that only after a codefendant identified the defendant's photograph and stated that the defendant was involved in the homicide did the police, acting on probable cause *(People v Green,* 118 AD2d 802), return to

the hospital and again give the defendant his *Miranda* warnings.

We find no merit to the defendant's argument that he was incapable of an effective waiver of his constitutional rights while in the hospital. There was ample testimony that the police and members of the District Attorney's office had spoken with doctors and medical staff and had been advised that there was nothing wrong with the defendant, that he was not medicated and that they could speak with him.

The Confrontation Clause prohibits the admission, at a joint trial, of a nontestifying codefendant's confession which incriminates the defendant even if the jury is given a limiting instruction and even if the defendant's own confession is admitted against him *(Cruz v New York,* 481 US 186). A violation of the Confrontation Clause may, however, be deemed harmless beyond a reasonable doubt if there is no reasonable possibility that the jury would have acquitted the defendant absent the error. In making this assessment, the defendant's confession may be considered *(Cruz v New York, supra; People v Hamlin,* 71 NY2d 750; *People v Ortiz,* 137 AD2d 727; *People v McCain,* 134 AD2d 287).

The defendant's guilt was established by overwhelming evidence. His confession detailing the events of the attempted robbery was partially corroborated by eight patrons of the bar who, although they were unable to actually see the assailants' faces by virtue of the stocking masks, testified in accord with the defendant's confession. The defendant's fingerprint was found in the codefendant Di Nicolantonio's vehicle. Significantly, the defendant's confession was corroborated by the testimony of the defendant's girlfriend, who, while in the codefendant Di Nicolantonio's vehicle, overheard the defendant and his codefendants planning a robbery. The gun provided by the codefendant Rivera was shown ballistically to be the murder weapon, and there was testimony from a truck driver that Di Nicolantonio's vehicle was the one which almost collided with his truck immediately following the incident. Thus, the overwhelming evidence of the defendant's guilt renders the error in admitting the codefendant's confessions harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750, *supra; People v Glover,* 139 AD2d 530; *People v Galloway,* 138 AD2d 735; *People v Falu,* 138 AD2d 510; *People v West,* 137 AD2d 855, *affd* 72 NY2d 941; *People v Ortiz, supra; People v Williams,* 136 AD2d 581; *People v McCain, supra).*

Our recent decision in which we reversed the codefendant

Di Nicolantonio's conviction *(People v Di Nicolantonio,* 140 AD2d 44) does not compel a reversal here. Di Nicolantonio averred that his confession was true but unlike the defendant at bar he invoked the affirmative defense under Penal Law § 125.25 (3) that (1) he was not the killer and did not aid in the killing, (2) that he was not armed, (3) that he had no reason to believe that the other participants were armed with a deadly weapon, and (4) that he had no ground to believe that a participant intended an activity likely to result in death or serious physical injury. As for Di Nicolantonio, the introduction of the codefendants' statements, one of which expanded Di Nicolantonio's role and was at odds with his affirmative defense, undermined that defense to his prejudice. The defendant at bar, on the other hand, did not set forth such an affirmative defense. Also, he did not repudiate his confession and both codefendants' confessions placed him inside the bar but did not name him as the shooter. The defendant's and Di Nicolantonio's confessions named the codefendant Rivera as the shooter, but Rivera in his confession named Di Nicolantonio as the shooter. As such, there are important factual distinctions as to the two defendants and the cases and defenses of both, and our previous decision in *People v Di Nicolantonio (supra),* is not controlling in the instant case.

The alleged errors of law by the prosecutor in summation were unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Allen,* 135 AD2d 823) and we find no basis to reach them in the exercise of our interest of justice jurisdiction *(see, People v Galloway,* 54 NY2d 396).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.