◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GRAHAM, Appellant.—

At his trial, the defendant's confession, which was both oral and videotaped, was detailed and comprehensive, and satisfactorily explained his part in the crime. In addition, the defendant did not repudiate his confession, and he was identified in court by a witness to the crime. Thus, the overwhelming evidence of the defendant's guilt renders any error in admitting the codefendant's "interlocking" confession harmless beyond a reasonable doubt *(see, People v DiNicolantonio,* 74 NY2d 856; *People v West,* 72 NY2d 941; *People v Flores,* 153 AD2d 585).

That being so, the defendant, whose conviction became final prior to the decision in *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733; *see, People v Graham,* 120 AD2d 611, *supra)* is not entitled to relief under CPL 440.10 (1) (h), even if we were to assume, arguendo, that *Cruz v New York (supra),* should be given retroactive effect as to cases on collateral review *(Teague v Lane,* 489 US 288, 109 S Ct 1060; *Allen v Hardy,* 478 US 255).

We have considered the contentions raised by the defendant in his supplemental *pro se* brief and find them to be without merit. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur. *[See,* 140 Misc 2d 417.]