■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FERMIN FLORES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 12, 1985, convicting him of attempted murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the codefendant Stephon Williams were tried together for the robbery and shooting of Police Officer Presley Mazone on April 10, 1984, at about 10:30 P.M., while he was waiting for a train on the Van Siclen Avenue IRT subway platform in Brooklyn, on his way to work.

The defendant and Williams, neither of whom testified at trial, made oral and videotaped statements to law enforcement officials which were introduced at trial. We have already considered Williams's appeal, and under the principles enunciated in *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733), we reversed and ordered a new trial *(People v Williams,* 141 AD2d 786).

In *People v Williams (supra),* we noted that Williams's statements were more limited in scope than those of the defendant. Williams's statements merely placed the defendant at the scene and indicated that Williams was the major participant in the robbery and shooting. Since we conclude that there was no reasonable possibility that Williams's statements contributed to the conviction of this defendant, the error in admitting the statements was harmless beyond a reasonable doubt *(see, Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407, 415; *People v Crimmins,* 36 NY2d 230, 241-242; *People v Williams,* 136 AD2d 581; *People v McCain,* 134 AD2d 287).

Contrary to the defendant's contention, the evidence, when viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish that the defendant knew or should have known that the victim was a police officer. The evidence established that during the altercation Officer Mazone's police shield was revealed, he announced "Police", and he drew his service revolver. Moreover, upon seeing the police shield, the officer testified that the defendant exclaimed, "He's a cop, pop him". We find that this evidence was legally sufficient to satisfy the elements necessary to sustain a conviction for attempted murder in the first degree *(see,* Penal Law § 125.27; *People v Woods,* 141 AD2d 684).

We have considered the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.