OPINION OF THE COURT
Bernard J. Fried, J.
Claiming an alleged violation of his rights to due process and to a fair trial (CPL 440.10 [1] [h]), defendant moves to vacate his murder conviction, or in the alternative, he seeks a hearing. This motion, in its entirety, is denied.
It is contended that the testimony of Dr. Robert Shaler, who *1053 was qualified as an expert in the field of forensic serology, has been rendered inherently unreliable because another Supreme Court Justice has disapproved his electrophoresis method and found that the particular method, used by Dr. Shaler, has not gained general acceptance in the scientific community. (People v Seda, 139 Misc 2d 834 [Sup Ct, NY County 1988, Carey, J.].) The People argue that the motion should be denied because "[a]t trial, defendant, had ample opportunity to move to preclude Dr. Shaler’s testimony or to request a hearing to determine the reliability of the serology tests now objected to.” It is urged that there are sufficient facts on the record to permit this issue to be raised on direct appeal and, therefore, this motion must be denied. (CPL 440.10 [2] [b].)
It is basic, of course, that a trial court "is to receive all evidence when offered, unless objected to.” (Richardson, Evidence § 537, at 529 [Prince 10th ed].) Here, Dr. Shaler, the Director of Serology, Office of the Chief Medical Examiner for the City of New York, and associate professor of forensic medicine, New York University School of Medicine, who the defendant knew well before trial would be called as a forensic serologist, was qualified, and testified, without objection, to his opinion that the blood of the deceased was consistent with blood found on the defendant’s clothing. As stated, there was no objection to the witnesses’ qualification as an expert, to the general acceptance of the testing method in the scientific community, or to its reliability.
Dr. Shaler described the biomedical test which he employed, and stated that it involved the identification of known genetic markers, using a technique know as electrophoresis. Dr. Shaler testified that using a gel, to which an electric current is applied, together with a chemical stain process, the genetic markers in the blood sample being examined are identified. It was this scientific method that formed the basis of Dr. Shaler’s expert opinion testimony in this case. (See also, People v McCain, 134 AD2d 287 [2d Dept 1987], which affirmed a murder conviction at which Dr. Shaler’s testimony was also a basis for conviction.)
Almost one year after the trial here, a challenge was made to Dr. Shaler’s electrophoresis testing method, in a different case in the Supreme Court, New York County. In that case it was not urged that "electrophoresis in general lacks acceptance or reliability” (People v Seda, supra, 139 Misc 2d, at 835), but rather that Dr. Shaler’s findings and techniques were inherently flawed. At the pretrial hearing, that court rejected *1054 Dr. Shaler’s testimony, concluding the specific electrophoresis testing technique that he used had "not gained general acceptance in the scientific community” and that "the procedure itself was not reliably performed” (supra, at 850).[1] Following this decision, the instant motion ensued: it is now urged that a particularized pretrial evidentiary ruling, made by a different Judge of coordinate jurisdiction, in a different case, involving the same witness, whose testimony was received without objection in this case, renders the judgment of conviction, one "obtained in violation of a right of the defendant under the constitution of this state or of the United States” (CPL 440.10 [1] Mi-
lt can hardly be said that, because of the Seda (supra) pretrial evidentiary ruling, the defendant’s constitutional rights in this case were violated. The Seda ruling, in my view, is case specific and does not invalidate the testimony of Dr. Shaler, received here without objection. That Seda is case specific is evident by its rejection of the contrary result reached in People v Borcsok (114 Misc 2d 810 [Sup Ct, Westchester County 1982]), where, after an evidentiary hearing, that court accepted, "the methodology used * * * [which] was essentially a modification of techniques previously employed by Dr. Shaler, techniques which are now accepted in the field of forensic serology” (supra, at 812).[2] And, although not considered by Seda, Dr. Shaler’s electrophoresis test which "revealed the presence of four enzymes”, was a basis for the affirmance of a murder conviction. (People v McCain, 134 AD2d, supra, at 288.)[3]
*1055 Since there are sufficient facts on the record of trial, concerning the unobjected-to reception of the serological evidence, to permit the issue to be raised on direct appeal, this motion must be denied, without a hearing. (CPL 440.10 [2] [b].)

. Dr. Shaler’s explanations were characterized by the court "as a cavalier approach entirely incongruous with the empiric nature of science.” At another point, his explanation gave the court "no greater reason for confidence in the practices of the serology laboratory in this case [Seda]. ” And at yet a further point, the court stated it was "not favorably impressed by many of the laboratory practices that were referred to at the hearing.” (People v Seda, 139 Misc 2d 834, 849.)

. Although, in a footnote, the Seda court included People v Borcsok (114 Misc 2d 810) in a group of cases where the "methodology employed or the number of genetic markers identified [was not] made clear” (People v Seda, 139 Misc 2d 834, 847, n 14), it seems obvious that the test referred to was the one described by Dr. Shaler at the hearing in Seda, as having been developed by him in "the late 1970’s.” (See also, People v McCann, 115 Misc 2d 1025,1027 [Sup Ct, Queens County 1982].)

. It is of interest to note that in Maldonado v LeFevre (No. 89-6371, SD NY, Oct. 20, 1989, Sweet, J. [1989 WL 129521]) a petition for a writ of habeas corpus, on the ground that Dr. Shaler’s serological testimony was scientifically unreliable, was dismissed because it reiterated a ground found *1055 to be lacking in merit in a prior petition (No. 84-4233, SD NY, Dec. 26,1985, Griesa, J.).