■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY HOOKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 27, 1986, convicting him of murder in the second degree, robbery in the first degree (five counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence of an indeterminate term of 25 years to life imprisonment on the murder charge to run concurrently to an indeterminate term of 5 to 15 years imprisonment on the weapons possession charge, to run consecutively to five indeterminate terms of 8⅓ to 25 years imprisonment on the robbery charges.

Ordered that the judgment is modified, on the law, to provide that the indeterminate terms of 25 years to life imprisonment and 5 to 15 years imprisonment shall run concurrently to the five consecutive indeterminate terms of 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

The facts of this case are summarized in the companion appeal, *People v Nelson* (171 AD2d 702 [decided herewith]).

On appeal, the defendant argues, *inter alia,* that he was prejudiced by the introduction into evidence of his codefendants' statements, in which his companions admitted discussing the fact that they had guns while the defendant drove them around looking for a place to rob *(see, Cruz v New York,*

481 US 186). These admissions, he claims, subverted his defense that he, as the mere driver of the getaway car, was unaware that his accomplices were armed until after the crime was over.

However, both the defendant's statement as taken down by Detective Fiorillo and his later videotaped confession are replete with acknowledgments that he knew that two of his companions were armed before the robbery and murder were committed, though he did not see these firearms until afterwards. The instant case thus falls squarely within the holding in *People v West* (72 NY2d 941), in which the defendant's guilt was established by his own statement to police that he was present at the robbery scene with others, knew that one of his confederates had a gun, and conceded that the group approached the victim intending to rob him. We further note that the defendant's own statements provide a comprehensive explanation of his participation in the crime, without reference to his codefendants' confessions, with which, in any event, they were in complete harmony, and that his confession, which he reiterated, was overwhelmingly corroborated by objective evidence *(see, People v Hamlin,* 71 NY2d 750; *cf., People v Flores,* 153 AD2d 585). Nor did the defendant take the stand to repudiate his confessions *(cf., People v Hamlin, supra).* Under the circumstances, the *Cruz* error was clearly harmless beyond a reasonable doubt.

There is no merit to the defendant's further contention that his videotaped confession was involuntary because the Assistant District Attorney reading him his *Miranda* warnings did not straightforwardly answer his query as to whether he was under arrest. The defendant concedes that an identical confession, made earlier in the evening to Detective Fiorillo and written down by him, was taken after a proper waiver of *Miranda* rights, and was properly admitted at trial. In any event, *Miranda v Arizona* (384 US 436) did not require the Assistant District Attorney to provide additional advice to the defendant beyond informing him of his constitutional rights *(People v Diaz,* 161 AD2d 789, 790; *cf., Colorado v Spring,* 479 US 564).

We have examined the defendant's remaining contentions with respect to the propriety of his conviction and find them to be either unpreserved for appellate review or without merit.

However, as charged to the jury, the robberies contained in the indictment were an element of the felony murder, with the result that the five consecutive terms of imprisonment

imposed for the defendant's robbery convictions must run concurrently with the term of imprisonment imposed upon his conviction of felony murder *(see,* Penal Law § 70.25 [2]). Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.