■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered April 22, 1982, convicting him of murder in the second degree, attempted robbery in the first degree (four counts), criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lakritz, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence adduced at the pretrial suppression hearing fails to support his assertions that the incriminatory statements he provided to the police were the product of physical or psychological duress. A review of the record discloses that the defendant's claims of mistreatment are premised solely upon his own inconsistent and conclusory allegations which the hearing court rejected as lacking in credibility. Having had the advantage of hearing and seeing the witnesses first hand, the

hearing court's determination is to be accorded great weight and should be upheld unless it is clearly erroneous *(see, e.g., People v Prochilo,* 41 NY2d 759, 761; *People v Ennis,* 158 AD2d 467, 468; *People v Garren,* 158 AD2d 614; *People v Flores,* 153 AD2d 585).

The defendant further contends that the admission into evidence of incriminatory statements made by his nontestifying codefendants requires reversal of his conviction. We disagree. Although the trial court erred in admitting the incriminatory statements of the defendant's nontestifying codefendants, the foregoing error was harmless beyond a reasonable doubt *(see, Cruz v New York,* 481 US 186; *People v West,* 72 NY2d 941; *People v Hamlin,* 71 NY2d 750; *People v Graham,* 158 AD2d 714; *People v Ortiz,* 137 AD2d 727; *People v McCain,* 134 AD2d 287). Here, the defendant's detailed confession, the testimony of the numerous eyewitnesses who observed the robbery and shooting take place, and the additional proof adduced, including fingerprint and ballistics evidence, established that the admission of the codefendants' interlocking, incriminatory statements was harmless beyond a reasonable doubt *(see, People v DiNicolantonio,* 74 NY2d 856; *People v Hamlin,* 71 NY2d 750; *People v Flores, supra; People v Glover,* 139 AD2d 530; *People v Papa,* 143 AD2d 230; *People v Galloway,* 138 AD2d 735).

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be lacking merit. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.