■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO RODRIGUEZ, Appellant.—Order, Supreme Court, New York County (James J. Leff, J.), entered May 16, 1989,

which denied defendant's CPL article 440 motion to vacate the judgment of the same court, rendered November 14, 1983, convicting him, after a jury trial, of murder in the second degree, robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent prison terms of 25 years to life on the murder count, and, as a second felony offender, 12½ to 25 years on the first degree robbery count, 7½ to 15 years on the second degree robbery and weapons possession counts, and from 3½ to 7 years on the third degree weapons possession count, unanimously affirmed.

Defendant's judgment of conviction was previously affirmed without opinion by this Court (117 AD2d 1027, *lv denied* 67 NY2d 888). Contrary to defendant's postconviction claim that the Supreme Court's decision in *Cruz v New York* (481 US 186, *revg* 66 NY2d 61) effects a retroactive change in the law requiring the vacatur of his conviction, we find that, even if we were to apply *Cruz* retroactively to this collateral appeal *(see, Teague v Lane,* 489 US 288, *reh denied* 490 US 1031; *Graham v Hoke,* 946 F2d 982, 991-997, *cert denied* — US —, 112 S Ct 890), the error in admitting his nontestifying codefendant's confessions was harmless beyond a reasonable doubt.

Based on defendant's own confession, his admissions to a third party who testified at trial, and other corroborative evidence, there is no reasonable possibility that the jury's assessment of defendant's guilt was affected by the codefendant's statements *(People v Hamlin,* 71 NY2d 750, 758-759). While the submission to the jury of the issue of the voluntariness of defendant's own confession increases the potential prejudice from a codefendant's corroborative statements, defendant only indirectly challenged his confession, and there is nothing in the record to suggest that the jury did not accept his statements as voluntary and reliable *(People v Hamlin, supra,* at 759; *People v Nelson,* 171 AD2d 702, 703-704, *lv denied* 77 NY2d 964).

While not controlling *(see, People v Flores,* 153 AD2d 585, 587, *lv denied* 75 NY2d 770; *People v Di Nocolantonio,* 140 AD2d 44, *mod* 74 NY2d 856), we also note that on the codefendant's direct appeal, we found the *Cruz* error to be similarly harmless with respect to the admission of this defendant's confession *(People v Diaz,* 157 AD2d 569, *lv denied* 76 NY2d 733). Concur—Wallach, J. P., Kupferman, Asch and Rubin, JJ.