■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ROGRIGUEZ, Appellant. [636 NYS2d 337] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered September 28, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Although the statement of the nontestifying codefendant should not have been admitted at the joint trial (*Bruton v United States*, 391 US 123; *People v Wheeler*, 62 NY2d 867), the error in its admission was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt, including the unequivocal identification of defendant by the undercover officer who participated in the transaction, defendant's possession and use of the key necessary to gain access to the apartment where the drugs were located and his possession of the buy money upon arrest (*see, People v Hamlin*, 71 NY2d 750; *People v Rodriguez*, 186 AD2d 75, *lv denied* 81 NY2d 976).

Defendant's claim that the court improperly discharged a juror due to illness is unpreserved for appellate review as a matter of law, as his attorney failed to join in the objection of codefendant's counsel to the discharge and the substitution of an alternate (*see, People v Buckley*, 75 NY2d 843, 846), and we decline to review it in the interest of justice. Were we to review it, we would find that the juror's statement when speaking to the Trial Justice on the telephone, that he would be unavailable on Wednesday and for the remainder of the week, because he was "very ill", justified the substitution (CPL 270.35; *see, People v Robustelli*, 189 AD2d 668, *lv denied* 81 NY2d 975). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.