■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK NAPOLITANO, Appellant. [704 NYS2d 483] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered June 11, 1997, convicting him of murder in the second degree, attempted murder in the first degree (five counts), attempted murder in the second degree (five counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions for the five counts of attempted murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the first degree with respect to Lieutenant Kerri Schreiner. The prosecution clearly established that the defen-

dant attempted to cause Lieutenant Schreiner's death while she was engaged in the course of performing her official duties as a police officer, and that the defendant knew or should have known that she was a police officer (*see,* Penal Law § 125.27 [1] [a] [i]; *People v Flores,* 162 AD2d 464).

As the People correctly concede, the five counts of attempted murder in the second degree must be dismissed as lesser-inclusory concurrent counts (*see,* CPL 300.40 [3] [b]; *see, People v Butler,* 192 AD2d 543, 545).

The defendant's remaining contention is without merit. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.