Omatee SANTOS, Plaintiff,

v.

**NEW YORK CITY, et al., Defendants.**

No. 11 Civ. 0291 (VM).

United States District Court,
S.D. New York.

March 6, 2012.

574

Duncan Archie Peterson, Peterson Delle Cave, New York, NY, for Plaintiff.

Philip Rudolph Depaul, New York City Law Department, Robert Nicholas Dunn, Lester, Schwab, Katz and Dwyer LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Omatee Santos ("Santos") brings this action (the "Complaint") against the City of New York (the "City"), New York Police Commissioner Raymond Kelly ("Kelly"), New York Police Officer John Doe ("PO John Doe"), Macy's Inc. ("Macy's"), and Macy's security guard Pedro Made ("Made"), raising claims for false arrest and false imprisonment under federal and state law, as well claims under *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for failure to train or supervise.

Now before the Court is the City's motion to dismiss (the "Motion") (Docket No. 8) Santos's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). The other defendants, Kelly, PO John Doe, Macy's and Made, do not join the Motion. For the reasons discussed below, the Court (1) GRANTS the City's Motion in its entirety, (2) dismisses, with prejudice, Santos's Complaint as to Kelly, (3) dismisses, without prejudice, Santos's Complaint as to PO John Doe, and (4) declines to exercise supplemental jurisdiction over Santos's state law claims against Macy's and Made.

## I. BACKGROUND [1]

On March 5, 2010, Santos went shopping at the Macy's flagship store, located at 151 W. 34th Street in New York City, intending to purchase gifts for her family as well as items for herself. Santos began by holding the items she had selected to purchase on her arm, but as the number and weight of the items grew, and after she was unable to find a Macy's bag, basket or cart to carry them in, she placed some of the items inside her handbag.

While Santos was browsing in this fashion throughout the department store, Made approached her and asked her to accompany him to the Macy's security room. Santos complied with Made's request and explained to him that she fully intended to pay for the items in her handbag when she was finished shopping. Made informed Santos that the Macy's flagship store has a policy of detaining customers who go from one floor to another without paying for merchandise. He demanded that Santos pay a five hundred dollar fee to Macy's. Santos handed her American Express card to Made, who charged five hundred dollars to the card.

Made detained Santos in the Macy's security room and called the New York Police Department ("NYPD") to report the incident. Sometime thereafter, PO John Doe arrived at the scene, arrested Santos for shoplifting, and brought her to the NYPD's 14th Precinct. On September 10, 2010, Santos was arraigned in the Midtown Community Court, Part AR6. And on September 27, 2010, she appeared in Part A of the New York County Criminal Court, where her case was adjourned to Part A for trial. On October 27, 2010, Santos's case was adjourned in contemplation of dismissal. On January 14, 2011, Santos filed the Complaint in the present action.

## II. LEGAL STANDARDS

### A. RULE 12(B)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ash-*

---

1. The factual allegations, taken from the Complaint, are accepted as true for purposes of this Motion.

*croft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Id.* The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

**B. SECTION 1983 MUNICIPAL LIABILITY**

■ For a plaintiff to have recourse against a municipality for violations of federally-protected rights pursuant to 42 U.S.C. § 1983 ("§ 1983"), he or she must allege facts demonstrating (1) the existence of an officially-adopted "policy, custom, or practice" and (2) a direct and deliberate causal connection between that "policy, custom, or practice" and the violation of plaintiff's federally-protected rights. *See Board of Cnty. Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ While the actions of subordinate employees do not, in and of themselves, constitute a "custom" or "practice," the single act of a municipal policymaker, *i.e.,* a person with the authority to set municipal policy, can constitute official policy, and thus, can give rise to municipal liability. *See Pembaur v. Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). By extension, a municipal policymaker's failure to act, generally pleaded as a failure to train/supervise claim, can trigger municipal liability where such a failure " 'amounts to deliberate indifference to the

rights' of those with whom municipal employees will come into contact." *Walker v. City of New York,* 974 F.2d 293, 297 (2d. Cir.1992) (*quoting City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

■ To establish municipal liability under § 1983, a plaintiff must do more than simply state that a municipal policy or custom exists. *See Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993). Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists. *See id.* Additionally, to establish "deliberate indifference" for a failure train or supervise claim, the plaintiff must show (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation;" (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "that the wrong choice by the ... employee will frequently cause the deprivation of a citizen's constitutional rights." *Walker,* 974 F.2d at 297–98 (citation omitted). This stringent standard for failure to train or supervise claims ensures that the misdeeds of a subordinate employee do not "unduly threaten [a municipality's] immunity from *respondeat superior* liability" under § 1983. *Oklahoma City v. Tuttle,* 471 U.S. 808, 830, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

■ In sum, a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents under § 1983. Nor can a "policy, custom, or practice" arise from a single instance of unconstitutional conduct by a municipal employee who is not a municipal policymaker under state law. *See Tuttle,* 471 U.S. at 831, 105 S.Ct. 2427; *St. Louis v.*

*Praprotnik,* 485 U.S. 112, 124, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

## C. *FALSE ARREST*

A § 1983 claim for false arrest arises under the Fourth Amendment right to be free from unreasonable seizures. To establish a claim for false arrest under the Fourth Amendment or under New York law, a plaintiff must show that she was intentionally confined by the defendant without her consent and without justification. *See Savino v. City of New York,* 331 F.3d 63, 75 (2d Cir.2003). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) (*quoting Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994)). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York,* 478 F.3d 76, 84 (2d Cir.2007) (citation omitted, alteration in the original).

## III. *DISCUSSION*

### A. *CLAIMS AGAINST THE CITY*

Santos's Complaint purports to bring a cause of action against the City, directly, for false arrest, and a separate cause of action against the City, under a *Monell* theory of liability, for failure to train or supervise its officers with respect to investigating shoplifting accusations. Both causes of action are pursuant to § 1983 for violations of Santos's Fourth Amendment right to be free from unreasonable seizures.

Even assuming that Santos pleads facts sufficient to state a claim against PO John Doe for false arrest, Santos's claim against the City under this very same theory of liability must fail; the City, as a municipality, cannot be held vicariously liable for the constitutional torts of its employees. *See Monell,* 436 U.S. at 690, 98 S.Ct. 2018. Moreover, Santos pleads no facts to suggest that PO John Doe was a municipal policymaker at the time of the arrest, such that his actions could subject the City to municipal liability under § 1983.

Similarly, Santos's *Monell* claim against the city for failure to supervise or train its officers cannot withstand a Rule 12(b)(6) motion to dismiss. The Complaint alleges in conclusory terms that the City, through the inaction of Kelly and other police supervisors, "failed to take the steps necessary to train, supervise or otherwise correct the illegal and wrongful arrest of individuals who have been accused of shoplifting and failed to fully investigate the claims made by Macy's employees." (Compl. ¶ 55.) Santos, however, does not plead any facts that suggest, even circumstantially, that Kelly or other police supervisors failed to train or supervise NYPD officers with respect to investigating shoplifting accusations. Nor does Santos plead any facts tending to show that the alleged failure to train or supervise amounted to deliberate indifference to the constitutional rights of people who may find themselves in Santos's situation. *See Walker,* 974 F.2d at 297. Because the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory assertions of the plaintiff, *See Tuttle,* 471 U.S. at 823, 105 S.Ct. 2427, Santos's claims against the City are dismissed with prejudice.

### B. *CLAIMS AGAINST PO JOHN DOE*

As of the date of this Decision and Order, PO John Doe has not been identified, much less served with a summons and

a copy of the Complaint. The Court is not aware of any attempts by Santos to identify and serve PO John Doe, and Santos has not amended her Complaint so as to identify PO John Doe by name. PO John Doe does not join the City's motion to dismiss now before the Court.

Since more than 120 days have passed since Santos filed the Complaint on January 14, 2011, the Court dismisses without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), the claims against PO John Doe, provided that within twenty days of the date of this Decision and Order, Santos may, for good cause shown, request that the action as to PO John Doe be reinstated. The Court will dismiss the claims against PO John Doe with prejudice in the event that Santos makes no such timely application for reinstatement.

### C. CLAIMS AGAINST KELLY

Santos has consented to dismissal of her claims against Kelly. (See Docket No. 11, ex. C at 1.) As such, Santos's Complaint as to Kelly is dismissed with prejudice.

### D. STATE LAW CLAIMS AGAINST MACY'S AND MADE

Since all of Santos's federal law claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the additional state law claims against Macy's and Made. See 28 U.S.C. § 1367(c)(3).

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that defendant City of New York's motion to dismiss (Docket No. 8) Omatee Santos's ("Santos") Complaint is GRANTED; and it is further

**ORDERED** that Santos's Complaint as to defendant New York Police Commissioner Kelly is dismissed with prejudice; and it is further

**ORDERED** that Santos's Complaint as to defendant New York Police Officer John Doe ("PO John Doe") is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service, provided that, within twenty (20) days of the date of this Decision and Order, Santos may, for good cause shown, request that the action as to PO John Doe be reinstated. The Court will dismiss with prejudice the claims against PO John Doe in the event Santos makes no such timely application for reinstatement; and it is further

**ORDERED** that Santos's state law claims against defendants Macy's Inc. and Pedro Made are dismissed without prejudice to their being filed in state court of appropriate jurisdiction.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**