In an action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated April 8, 2015, which denied his motion pursuant to CPLR 3025 (b) for leave to amend the complaint and granted the defendants’ cross motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff commenced this action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983. The plaintiff appeals from an order denying his motion pursuant to CPLR 3025 (b) for leave to amend the complaint and granting the defendants’ cross motion for summary judgment dismissing the complaint.
 

 The Supreme Court erred in denying the plaintiff’s motion for leave to amend the complaint on the ground that the two new proposed causes of action to recover damages for civil rights violations were not delineated in the notice of claim, as. “a notice of claim is not a condition precedent to maintaining a cause of action pursuant to 42 USC § 1983” (Blake v City of New York, 148 AD3d 1101, 1105 [2017]). Nevertheless, leave to amend was properly denied based on the palpable insufficiency of the proposed new causes of action (see Alfaro Motors, Inc. v Ward, 814 F2d 883, 887 [2d Cir 1987]; Triano v Town of Harrison, NY, 895 F Supp 2d 526, 538 [SD NY 2012]; Santos v New York City, 847 F Supp 2d 573, 577 [SD NY 2012]).
 

 The existence of probable cause is a complete defense to a false arrest claim under both New York law and 42 USC § 1983 (see Weyant v Okst, 101 F3d 845, 852 [1996]). Here, the plaintiff failed to raise a triable issue of fact in response to the defendants’ prima facie showing that his arrest was supported by probable cause, which existed as a result of a sworn statement of an accomplice implicating the plaintiff (see People v Walker, 228 AD2d 798, 800 [1996]; People v Scherifi, 147 AD2d 663, 663-664 [1989]; People v Green, 118 AD2d 802, 803 [1986]; People v White, 109 AD2d 859 [1985]). Therefore, the Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the false arrest cause of action (see Medina v City of New York, 102 AD3d 101, 108 [2012]).
 

 Moreover, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiff’s causes of action alleging malicious prosecution under New York State law and 42 USC § 1983 by submitting evidence that the plaintiff was indicted by a grand jury for charges of robbery in the first degree and conspiracy in the fourth degree, raising a presumption of probable cause (see Colon v City of New York, 60 NY2d 78, 82 [1983]; Savino v City of New York, 331 F3d 63, 75 [2d Cir 2003]). Since the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the malicious prosecution causes of action (see Batten v City of New York, 133 AD3d 803, 806-807 [2015]; Santiago v City of Rochester, 19 AD3d 1061, 1062 [2005]).
 

 The Supreme Court also properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the causes of action alleging negligence and pursuant to 42 USC § 1983 for failure to provide medical assistance. The evidence submitted by the defendants established, prima facie, that they were not deliberately indifferent to the plaintiff’s diabetic condition, and did not breach a duty to provide him with medical care (Kagan v State of New York, 221 AD2d 7, 16-17 [1996]; see Weyant v Okst, 101 F3d 845, 856 [2d Cir 1996]). While the plaintiff was in the defendants’ custody, he was brought to a hospital, where he was given insulin. In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Finally, the Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging municipal liability pursuant to Monell v New York City Dept. of Social Servs. (436 US 658, 690 [1978]), as the plaintiff failed to raise a triable issue of fact in response to the defendants’ prima facie showing that he was not subjected to any constitutional violation (see Segal v City of New York, 459 F3d 207, 219 [2d Cir 2006]; Amato v City of Saratoga Springs, N.Y., 170 F3d 311, 320 [2d Cir 1999]).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.