Wilson v City of New York (2018 NY Slip Op 03871)





Wilson v City of New York


2018 NY Slip Op 03871


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-05100
 (Index No. 702529/12)

[*1]Abdullah Wilson, respondent-appellant, 
v
City of New York, et al., appellants-respondents, et al., defendants.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Ingrid R. Gustafson of counsel), for appellants-respondents.
Sivin & Miller, LLP, New York, NY (Edward Sivin of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the defendants City of New York, Police Officer Michael Singer, Detective Alfred Tricarico, Sergeant Louis Vittiglio, Detective "FNU" Horn (first name unknown), and Detective "FNU" Burke (first name unknown) appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), entered May 5, 2015. The order, insofar as appealed from, denied those branches of the motion of the defendants City of New York, Police Officer Michael Singer, Detective Alfred Tricarico, Sergeant Louis Vittiglio, Detective "FNU" Horn (first name unknown), and Detective "FNU" Burke (first name unknown) which were for summary judgment dismissing the third, ninth, tenth, and eleventh causes of action insofar as asserted against them. The order, insofar as cross-appealed from, granted those branches of the motion of the defendants City of New York, Police Officer Michael Singer, Detective Alfred Tricarico, Sergeant Louis Vittiglio, Detective "FNU" Horn (first name unknown), and Detective "FNU" Burke (first name unknown) which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants City of New York, Police Officer Michael Singer, Detective Alfred Tricarico, Sergeant Louis Vittiglio, Detective "FNU" Horn (first name unknown), and Detective "FNU" Burke (first name unknown) which were for summary judgment dismissing the third, ninth, tenth, and eleventh causes of action insofar as asserted against them are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the appellants-respondents.
In 1994, the plaintiff was arrested and charged with, inter alia, robbery in the second degree after two eyewitnesses identified him as one of two perpetrators of a robbery that took place in Queens. Following his indictment, the plaintiff moved to suppress identification evidence on the [*2]ground that the identification procedures utilized by the police were unduly suggestive. After conducting a Wade hearing (see United States v Wade, 388 US 218), the hearing court determined that the police had probable cause to arrest the plaintiff and that the identification procedures were not unduly suggestive. The plaintiff's case proceeded to trial, and he was convicted of robbery in the second degree and sentenced to a term of imprisonment.
The plaintiff subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, alleging, inter alia, that he had been deprived of the effective assistance of counsel during the criminal proceeding. Ultimately, the United States Court of Appeals for the Second Circuit agreed with the plaintiff's ineffective assistance of counsel contention and directed the District Court to issue a writ of habeas corpus unless the Queens County District Attorney took certain steps to retry the plaintiff. However, the Queens County District Attorney elected not to retry the plaintiff, and instead moved in the Supreme Court to dismiss the indictment in the interest of justice. That motion was granted, and the indictment against the plaintiff was sealed and dismissed.
Thereafter, the plaintiff commenced this action against, among others, the City of New York and five former employees of the New York City Police Department (hereinafter collectively the defendants), asserting, inter alia, various causes of action pursuant to 42 USC § 1983 stemming from the robbery investigation and the plaintiff's prosecution. The defendants moved, inter alia, for summary judgment dismissing the second, third, fourth, sixth, eighth, ninth, tenth, and eleventh causes of action insofar as asserted against them. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action insofar as asserted against them, concluding that the hearing court's determination after the Wade hearing in the criminal proceeding collaterally estopped the plaintiff from asserting those causes of action in this action. The court denied those branches of the defendants' motion which were for summary judgment dismissing the third, ninth, tenth, and eleventh causes of action insofar as asserted against them. The defendants appeal, and the plaintiff cross-appeals.
The Supreme Court erred in denying those branches of the defendants' motion which were for summary judgment dismissing the third, ninth, tenth, and eleventh causes of action insofar as asserted against them. With regard to the third cause of action, alleging that the individual defendants violated the requirements of Brady v Maryland (373 US 83), "[t]here are three components of a true Brady violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued" (Strickler v Greene, 527 US 263, 281-282). Similarly, with regard to the ninth cause of action, alleging that the individual defendants unreasonably prolonged his detention, a plaintiff must show that (1) he or she has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) the actions of the law enforcement officials violated that right, and (3) the law enforcement officials' conduct "shocks the conscience" (Ying Li v City of New York, 246 F Supp 3d 578, 622 [ED NY] [internal quotation marks omitted]). Here, the individual defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third and ninth causes of action insofar as asserted against them by submitting evidence demonstrating that they did not suppress evidence that was favorable to the plaintiff during the criminal proceeding (see Poventud v City of New York, 750 F3d 121, 133 [2d Cir]). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the tenth cause of action, alleging that the individual defendants failed to intervene to prevent unconstitutional conduct, "[i]t is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence" (Anderson v Branen, 17 F3d 552, 557 [2d Cir]). "[A]n officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official" (id. at 557 [citations omitted]). Here, [*3]the individual defendants established their prima facie entitlement to judgment as a matter of law dismissing the tenth cause of action insofar as asserted against them by submitting evidence demonstrating that they did not observe or have reason to know that the plaintiff had been unjustifiably arrested, or that any other law enforcement officials committed a constitutional violation (see Folk v City of New York, 243 F Supp 3d 363, 370 [ED NY]). In opposition, the plaintiff failed to raise a triable issue of fact.
Regarding the plaintiff's eleventh cause of action, alleging municipal liability against the City pursuant to Monell v New York City Dept. of Social Servs (436 US 658, 690), the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that he was not subjected to any constitutional violation (see Rodriguez v County of Suffolk, 155 AD3d 915).
The Supreme Court also erred in concluding that the hearing court's determination after the Wade hearing in the criminal proceeding collaterally estopped the plaintiff from asserting the second, fourth, sixth, and eighth causes of action, alleging malicious prosecution, malicious abuse of process, unduly suggestive identification procedures, and conspiracy, respectively. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). However, "[w]hen no order or final judgment has been entered on a verdict or decision, or when the judgment is subsequently vacated, collateral estoppel is inapplicable" (Church v New York State Thruway Auth., 16 AD3d 808, 810).
Here, the Supreme Court concluded that the hearing court's determination after the Wade hearing in the criminal proceeding collaterally estopped the plaintiff from asserting causes of action alleging malicious prosecution, malicious abuse of process, unduly suggestive identification procedures, and conspiracy. However, the criminal proceeding became a legal nullity after the Supreme Court granted the motion to dismiss the indictment against the plaintiff in the interest of justice (see CPL 160.60). Since there is no longer a valid and final judgment in the criminal proceeding, the hearing court's findings and determination after the Wade hearing cannot be given preclusive effect in this action (see Conason v Megan Holding, LLC, 25 NY3d at 17; Church v New York State Thruway Auth., 16 AD3d at 810; Jeffreys v Griffin, 301 AD2d 232, 233, affd 1 NY3d 34; Ruben v American & Foreign Ins. Co., 185 AD2d 63, 65).
Nonetheless, those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action insofar as asserted against them should have been granted for other reasons. With regard to the second and fourth causes of action, alleging malicious prosecution and malicious abuse of process, respectively, against the individual defendants, the individual defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was probable cause to support the plaintiff's arrest and prosecution (see Shields v City of New York, 141 AD3d 421, 422; Paulos v City of New York, 122 AD3d 815, 817). In opposition, the plaintiff failed to raise a triable issue of fact.
With regard to the sixth cause of action, alleging that the individual defendants conducted unduly suggestive identification procedures, the individual defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not mislead or coerce the prosecutor or trial judge into admitting unduly suggestive identification evidence at trial (see Bermudez v City of New York, 790 F3d 368 [2d Cir]; Wray v City of New York, 490 F3d 189 [2d Cir]; Newton v City of New York, 640 F Supp 2d 426 [SD NY]). In opposition, the plaintiff failed to raise a triable issue of fact.
Regarding the eighth cause of action, alleging conspiracy under 42 USC § 1983 [*4]against the defendants, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was no agreement between two or more state actors to act in concert to inflict an unconstitutional injury upon the plaintiff (see Pangburn v Culbertson, 200 F3d 65, 72 [2d Cir]). In opposition, the plaintiff failed to raise a triable issue of fact.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court