EASTERN DISTRICT OF NEW YORK FILED  
------------------------------------------------------------X CLERK  
   
AJAB M. WOODSON, 5/21/202   5 10:47 am
 Plaintiff, U.S. DISTRICT COURT 
 EASTERN DISTRICT OF NEW YORK 
 LONG ISLAND OFFICE 
 -against- MEMORANDUM & ORDER 
 24-CV-7580 (JMA)(LGD) 
NASSAU COUNTY and SGT. DONNERY, 

 Defendants. 
------------------------------------------------------------X 
AZRACK, United States District Judge: 
 Before the Court is the amended complaint timely filed by incarcerated pro se plaintiff 
Ajab M. Woodson (“Plaintiff”) in response to the Court’s March 13, 2025 Memorandum and Order 
granting Plaintiff’s motion to proceed in forma pauperis (“IFP”) and dismissing the complaint 
pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) with leave to file an amended 
complaint on or before April 14, 2025. (See Am. Compl., ECF No. 13; Mem. & Order, ECF No. 
12.) For the reasons that follow, the Court sua sponte dismisses the amended complaint pursuant 
to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) with leave to file a second amended complaint 
on or before June 23, 2025. 
 I. BACKGROUND1 
 Like the original complaint, the amended complaint is brought against Nassau County and 
Sgt. Donnery and purports to allege a deprivation of Plaintiff’s constitutional rights to due process 
and to access to the Court. (ECF No. 13.) Plaintiff also appears to now allege a violation of the 
Health Insurance Portability and Accountability Act of 1996 (“HIPAA”). In its entirety, the brief, 
handwritten amended complaint alleges the following facts:2 

1 All material allegations in the amended complaint are assumed to be true for the purpose of this Order. See, e.g., 
Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte 
dismissal, a court is required to accept the material allegations in the complaint as true). 
2 Excerpts from the amended complaint are reproduced herein exactly as they appear in the original. Errors in spelling, 
Legal and medical correspondence from county attorney office was “as a policy” 
delivered and handled by the SGT in charge of the law library, SGT Donnery. SGT 
Donnery explicitly stated to me on more than one occasion that I could not receive 
MRI disc results due to the “Policy” of Nassau County that such information be 
properly formatted by the sender. In the case of my medical records and MRI video 
disc the sender was the Nassau County attorney office. This case was obviously 
mismanaged by the “officer” in charge of handling procedure, and it is the 
responsibility of that officer to secure the incoming legal records and communicate 
the “counties” policies to his legal officer. Furthermore I submit by depriving me 
of access to legal correspondence needed for litigation was a violation of my due 
process. To this day those records have never been forwarded or secured. As a 
pretrial detainee not yet convicted of a crime Mr. Donnery violated my 
Constitutional right to not be deprived of life nor liberty. Also access to courts 
during confinement. 

My time at Nassau Correctional Facility was in fact the legal staff and SGT 
Donnery’s responsibility to secure my medical records in a way that was not privy 
to any and all officers that have access to the law library unit. I found that my 
personal medical information had been read by personal that were not cleared to 
read them. I have personally been told by SGT Donnery that “I should not be such 
a cry baby about who reads my chart.” Also that from the looks of my medical 
records I seem like a “CRACKHEAD”. He informed me that Dr. Hennig has 
“claws” and my lawsuit is not going anywhere if he has anything to do with it. I 
filed a Grievance concerning the handling of my medical records and found that the 
Grievance Committee agreed that SGT Donnery had no right to misdirect nor 
tamper with my legal mail, MRI discs, or discovery packages. 

As for “damages” I am seeking 10,000 dollars in U.S. currency. Also the Federal 
Bureau of Prisons (who subcontracts with Nassau County investigate and remedy 
the discovery and legal correspondence procedures at Nassau County Corrections. 
Also that a civilian employee be assigned to handle incoming legal correspondence. 

This claim is for Nassau County failing to train “SGT DONNERY” how to handle 
correspondence protected by “Attorney Client priviledge”, “HIPPA protection to 
medical records”, doctor patient privacy and “access to the courts by” misdirecting 
and improperly storing my information - not producing for my review and access 
records and video provided for “discovery”. 

I believe this was an effort by the Nassau County staff to sabotage litigation 
previously directed at the County of Nassau and Dr. Henning. The Constitution 
provides protection of all “FREE” persons not convicted of a crime to protections 
from deprivation of life, and liberty. As well as to access to the Courts and legal 
system without interference in that process. I believe Nassau County installed 
persons such as SGT. Donnery in “Supervisory” positions to undermined legal 
actions by inmates against staff and civilians under their employ. I believe it is 
 2 
 tampering, misdirection, and withholding of legally protected discovery legal 
 documents. 

 This is the body of my Amended Complaint. 

(Am Compl., ECF No. 13.) 
 II. LEGAL STANDARDS 
A. Dismissal Under the Prison Litigation Reform Act or IFP Statute 
 The Prison Litigation Reform Act requires a district court to screen a civil complaint 
brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any 
portion of the complaint, if the complaint is “frivolous, malicious, or fails to state a claim upon 
which relief may be granted.” 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court 
to dismiss an action upon determination that the action “(i) is frivolous or malicious, (ii) fails to 
state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who 
is immune from such relief.” 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as 
soon as it makes such a determination. 28 U.S.C. § 1915A(b). 
B. Section 1983 
 Section 1983 provides that: 
 [e]very person who, under color of any statute, ordinance, regulation, custom, or 
 usage, of any State . . . subjects, or causes to be subjected, any citizen of the United 
 States . . . to the deprivation of any rights, privileges, or immunities secured by the 
 Constitution and laws, shall be liable to the party injured . . . . 
42 U.S.C. § 1983. Section 1983 “is not itself a source of substantive rights, but a method for 
vindicating federal rights elsewhere conferred by those parts of the United States Constitution and 
federal statutes that it describes.” Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas 
v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). “To state a claim under § 1983, a plaintiff must allege 
two elements: (1) ‘the violation of a right secured by the Constitution and laws of the United 
 3 
law.’” Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting 

Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 
(2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (“[T]he 
under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no 
matter how discriminatory or wrongful.” (internal quotation marks and citation omitted)). 
C. Plaintiff’s Pro Se Status 
 Pro se submissions are afforded wide interpretational latitude and should be held “to less 
stringent standards than formal pleadings drafted by lawyers.” Haines v. Kerner, 404 U.S. 519, 
520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In 
addition, the Court is required to read a plaintiff’s pro se complaint liberally and interpret it as 
raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d 
Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). 
 The Supreme Court has held that pro se complaints need not even plead specific facts; 
rather the complainant “need only give the defendant fair notice of what the . . . claim is and the 
grounds upon which it rests.” Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks 
and citations omitted); see also FED. R. CIV. P. 8(e) (“Pleadings must be construed so as to do 
justice.”). However, a pro se plaintiff must still plead “enough facts to state a claim to relief that 
is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). “A claim has 

facial plausibility when the plaintiff pleads factual content that allows the court to draw the 
reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, 
556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires “more than a sheer 
possibility that a defendant has acted unlawfully.” Id. at 678. While “‘detailed factual 
allegations’” are not required, “[a] pleading that offers ‘labels and conclusions’ or ‘a formulaic 
 4 
U.S. at 555). 

 III. DISCUSSION 
A. Challenged Actions Are Not Constitutional Deprivations 
 Plaintiff challenges the handling of his incoming legal mail and medical correspondence 
from the County Attorney by Sgt. Donnery. As a result of the claimed delay or failure to provide 
his medical records (such as an MRI) in a format he could access, Plaintiff claims that he has been 
deprived of his right to access the court and to due process of law. 
 The First Amendment protects prisoners’ rights to “adequate, effective and meaningful” 
access to the courts and to the free flow of incoming and outgoing mail. Bounds v. Smith, 430 
U.S. 817, 822 (1977), abrogated on other grounds, Lewis v. Casey, 518 U.S. 343 (1996). “[C]ourts 
have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater 
protection to outgoing mail than to incoming mail.” Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 

2003) (citing Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)). “It is well established that all 
persons enjoy a constitutional right of access to the courts.” Monsky v. Moraghan, 127 F.3d 243, 
246 (2d Cir. 1997). “A prisoner has a constitutional right of access to the courts for the purpose 
of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states 
have affirmative obligations to assure.” Brisco v. Rice, No. 11-CV-0578, 2012 WL 253874, at *5 
(E.D.N.Y. Jan. 27, 2012) (quoting Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986)). 
However, “[i]nterferences that merely delay an inmate’s ability to work on a pending cause of 
action or to communicate with the courts do not violate this constitutional right.” Jermosen v. 
Coughlin, No. 89-CV-1866, 1995 WL 144155 at *4 (S.D.N.Y. Mar. 30, 1995). Indeed, “[t]he 

regulation of inmates’ mail by state prison officials . . . is a matter of internal prison administration 
 5 
or of some other basic right retained by a prisoner.” Angulo v. Nassau Cnty., 89 F. Supp. 3d 541, 

553 (E.D.N.Y. 2015) (citations omitted). 
 To state a claim for denial of access to the courts due to interference with legal mail, a 
plaintiff must allege that the defendant “took or was responsible for actions that hindered [a 
plaintiff’s] efforts to pursue a legal claim.” Deleon v. Doe, 361 F.3d 93, 94 (2d Cir. 2004) (citation 
omitted); -se-e -al-so- -L-ew--is- v-.- C-a-s-ey-, 518 U.S. 343, 351-53 (1996) (an access to the courts claim 
requires an inmate to demonstrate that he suffered an actual injury as a result of the conduct of the 
defendants). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of 
action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation 
caused by the defendant’s actions. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (the 

plaintiff must identify a “nonfrivolous, arguable underlying claim” that he sought to pursue or 
seeks to pursue in court) (citation and quotation marks omitted). 
 Here, as is readily apparent, Plaintiff has alleged no facts suggesting that he suffered any 
actual injury from the challenged protocols concerning the mail at the Jail. Thus, Plaintiff has not 
plausibly alleged a denial of access to the courts claim and such claim is dismissed without 
prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). 
B. Municipal Liability is Not Properly Pled 
 Even if Plaintiff had sufficiently alleged a constitutional deprivation, which he has not, his 
claim against Nassau County seeking municipal liability is again deficient. As the Court made 
clear in the order: 

 A claim for municipal liability under Section 1983 must comply with Monell v. 
 Dep’t of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny. 
 “Monell expressly prohibits respondeat superior liability for municipalities . . . 
 meaning that a plaintiff must demonstrate that ‘through its deliberate conduct, the 
 6 
 Dep’t of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of Comm’rs of 
 Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). This requires Plaintiff to “show 
 that he suffered the denial of a constitutional right that was caused by an official 
 municipal policy or custom.” Frost v. New York City Police Dep’t, 980 F.3d 231, 
 257 (2d Cir. 2020) (internal quotations omitted). A policy or custom may be 
 established by any of the following: 

 (1) a formal policy officially endorsed by the municipality; (2) 
 actions taken by government officials responsible for 
 establishing the municipal policies that caused the particular 
 constitutional deprivation in question; (3) a practice so consistent 
 and widespread that, although not expressly authorized, constitutes 
 a custom or usage of which a supervising policy-maker must have 
 been aware; or (4) a failure by policymakers to provide adequate 
 training or supervision to subordinates to such an extent that it 
 amounts to deliberate indifference to the rights of those who come 
 into contact with the municipal employees. 
 Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal 
 quotations omitted); see Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 
 (E.D.N.Y. 2017) (similar). “[A] single incident of unconstitutional activity is not 
 sufficient to impose liability under Monell, unless proof of the incident includes 
 proof that it was caused by an existing, unconstitutional municipal policy that can 
 be attributed to a municipal policymaker.” Mitchell v. City of N.Y., 841 F.3d 72, 
 80 (2d Cir. 2016) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) 
 (plurality)) (brackets omitted); see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) 
 (“[A] single incident in a complaint, especially if it involved only actors below the 
 policy-making level, does not suffice to show a municipal policy.”). 

Mem. & Order, ECF No. 12 at 6-7. Although Plaintiff now claims that the handling of his 
correspondence from the County Attorney’s Office by Sgt. Donner “was as a policy,” such 
conclusory allegations fall far short. (Am. Compl., ECF No. 13 at 1.) “[A] plaintiff must allege 
‘sufficient factual detail’ and not mere ‘boilerplate allegations’ that the violation of the plaintiff’s 
constitutional rights resulted from the municipality’s custom or official policy.” Jackson v. Nassau 
Cnty., 552 F. Supp.3d 350, 377 (E.D.N.Y. 2021) (citation and internal quotations omitted). 
“Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat 
superior basis for the tort of its employee.” Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 
 7 
not sufficient to impose liability on a municipality unless proof of the incident includes proof that 

it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal 
policymaker. See City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985). 
 Here, having been afforded an opportunity, Plaintiff still does not allege any 
unconstitutional custom, policy, or usage attributable to Nassau County to confer municipal 
liability. See Monell, 436 U.S. at 690-91; Jones, 691 F.3d at 80. Although Plaintiff alleges that 
the processing of his legal correspondence by Sgt. Donnery was pursuant to “a policy,” mere labels 
and conclusions without facts from which the conclusion may reasonably construed are insufficient 
to meet the pleading standard. Even affording the amended complaint a liberal construction, there 
are no factual allegations from which the Court may reasonably infer that the conduct or inaction 

of which Plaintiff complains was caused by a policy or custom of Nassau County. See Mitchell, 
841 F.3d at 80 (dismissing Monell claim for lack of a municipal policy or custom underlying the 
challenged conduct); see also Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) 
(“[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such 
a municipal policy or custom exists.”). Accordingly, Plaintiff’s Section 1983 claim against Nassau 
County is implausible because Plaintiff has not alleged the existence of a relevant municipal policy 
or custom. Thus, Plaintiff’s Section 1983 claim against Nassau County is dismissed without 
prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). 
C. HIPAA Provides No Private Right of Action 
 Insofar as Plaintiff seeks relief under HIPAA, such claims are not plausible. Although 

“HIPAA prohibits the disclosure of medical records without a patient’s consent,” enforcement of 
that prohibition is exclusively by the Secretary of the Department of Health and Human Services. 
 8 
1320d-7). As the Second Circuit has made clear, “HIPAA confers no private cause of action, 

express or implied.” (Id.) Accordingly, Plaintiff’s allegations concerning HIPAA violations fail 
to state a claim upon which relief may be granted, and implausible, and are thus dismissed pursuant 
to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). 
D. Leave to Amend 
 “[A] pro se complaint should not be dismissed without the Court granting leave to amend 
at least once when a liberal reading of the complaint gives any indication that a valid claim might 
be stated.” Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and 
brackets omitted). At the same time, a district court may deny a pro se plaintiff leave to amend 
when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). 
 The Court has carefully considered whether to grant Plaintiff leave to further amend his 
complaint. Given Plaintiff’s pro se status, the Court grants him leave to file a second amended 
complaint consistent with this Order. Plaintiff’s second amended complaint must (1) be labeled 
as a “second amended complaint,” (2) include a caption naming the defendants and link each 

defendant so named to factual allegations of conduct or inaction within the body of the amended 
complaint, (3) bear the same docket number as this Order, 24-CV-7580(JMA)(LGD), and (4) be 
filed on or before June 23, 2025. If Plaintiff does not know the identity of a defendant, he may 
name that defendant as “John Doe” or “Jane Doe” and must then include sufficient factual 
allegations to ascertain that defendant’s identity. Plaintiff is advised that “an amended 
complaint . . . supersedes the original, and renders it of no legal effect.” Harris v. City of N.Y., 
186 F.3d 243, 249 (2d Cir. 1999) (internal quotation marks omitted). Thus, any second amended 
complaint Plaintiff files should include all allegations he wishes to pursue against each defendant 
he names. 
 9 
 For the forgoing reasons, the Amended Complaint is dismissed without prejudice pursuant 

to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim and with leave to 
amend as set forth above. Plaintiff is granted leave to file a second amended complaint consistent 
with this Order on or before June 23, 2025. 
 The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order 
would not be taken in good faith and therefore in forma pauperis status is denied for the purpose 
of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). 
 The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his 
address of record in an enveloped marked “Legal Mail” and shall note such mailing on the docket. 
SO ORDERED. 

Dated: May 21, 2025 
 Central Islip, New York 
 /s/ (JMA) 
 JOAN M. AZRACK 
 UNITED STATES DISTRICT JUDGE 

 10